PROB 12B
(7/93)

# United States District Court

for the

## Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

OCT 31 2005

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

### Request for Modifying the Conditions or Term of Supervision
### with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: Paige J. Sponcler                Case Number: 2:99CR00080-001

Name of Sentencing Judicial Officer: The Honorable Robert H. Whaley

Date of Original Sentence: 09/03/1999              Type of Supervision: Supervised Release

Original Offense: Bank Fraud, 18 U.S.C. § 1344     Date Supervision Commenced: 07/10/2001

Original Sentence: Prison - 24 months;             Date Supervision Expires: 07/09/2006
                   TSR - 60 months

## PETITIONING THE COURT

To modify the conditions of supervision as follows:

**Special Condition #19:** You shall submit your person, residence, office, or vehicle to a search, conducted by a U.S. probation officer, at a sensible time and manner, based upon reasonable suspicion of contraband or evidence of violation of a condition of supervision. Failure to submit to search may be grounds for revocation. You shall warn persons with whom you share a residence that the premises may be subject to search.

**Special Condition #20:** You shall abstain from the use of illegal controlled substances, and shall submit to urinalysis testing, as directed by the supervising probation officer. The urinalysis shall not exceed six submissions in a 1-month time period.

## CAUSE

**Standard Condition:** The defendant shall not commit another federal, state, or local crime.

**Violation #1:** Paige Sponcler-Rice is considered in violation of her supervised release in the Eastern District of Washington by being in possession of a controlled substance without a prescription on/or about September 16, 2005.

**Violation #2:** Paige Sponcler-Rice is considered in violation of her supervised release in the Eastern District of Washington by being in of possession of a controlled substance, marijuana, equal to or less than 40 grams on/or about September 16, 2005.

**Violation #3:** Paige Sponcler-Rice is considered in violation of her supervised release in the Eastern District of Washington by having unlawfully possessed drug paraphernalia on/about September 16, 2005.

According to Spokane Police Department, a search of Paige Sponcler-Rice's residence at 7918 N. Crestline in Spokane, Washington, was conducted on September 16, 2005. In a common area, a downstairs living room, in plain view, police located a smoking device with residue, believed to be marijuana, and prescription medications. The

Prob 12B
**Re: Sponcler, Paige J**
**October 24, 2005**
**Page 2**

offender was charged in Spokane County Superior Court, case 05-1-033310-3, with all three offenses. A trial date has been set for January 9, 2006. Additionally, the offender's husband, Damon Rice, and Sonny J. Wiggins were also charged with the same offense.

A copy of the police report pertaining to this incident has been requested, but not received. The probation office will monitor these charges and advise the Court of the disposition.

**Standard Condition #12:** The defendant shall notify the probation officer within 72 hours of being arrested, or questioned by a law enforcement officer.

**Violation #4:** Paige Sponcler-Rice is considered in violation of her supervised release in the Eastern District of Washington by failing to advise the probation office of her contact with law enforcement on July 13, 2005, and September 27, 2005, occasions where she had been cited for traffic infractions by law enforcement.

During a recent criminal records check, the probation office noted Mrs. Sponcler-Rice had been stopped while operating a motor vehicle on July 13, 2005 for failing to wear a seat belt, and operating a motor vehicle without insurance.

On September 27, 2005, Mrs. Sponcler-Rice was stopped while driving a motor vehicle and charged with driving without insurance. In addition to these two contacts with law enforcement, Mrs. Sponcler-Rice advised the probation office that local law enforcement had been to her residence on several occasions investigating the location of either her husband, Damon Rice, or other individuals who may have frequented her residence. On all occasions, Mrs. Sponcler-Rice did not contact the probation office to report these contacts.

Mrs. Sponcler-Rice advised that she is well aware of the requirement to keep this officer apprised of any contact with law enforcement. She apologized for her failure to keep our office informed of these contacts, and agreed to make proper notifications in the future.

**Standard Condition:** The defendant shall pay restitution in accordance with a payment schedule set by the Court.

**Violation #5:** Paige Sponcler-Rice is considered in violation of her supervised release in the Eastern District of Washington by failing to make monthly payments toward her financial obligation as directed, and being in default $450 as of October 2005.

Mrs. Sponcler-Rice was ordered to pay 265,680.10 toward restitution. She agreed to pay not less than $150 per month. Since May 2005, Mrs. Sponcler-Rice has either failed to pay, or paid sporadically, her required monthly payment. As of October 2005, this offender is 3 months behind in payments. In addition to these required restitution payments, Mrs. Sponcler-Rice advised she is also behind in home expenses, including her electric and gas bill. On October 24, 2005, the offender advised she will have her payments up to date as of November 2005. Mrs. Sponcler-Rice currently owes a balance of $ 257,072.60

**Standard Condition #9:** The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

**Violation #6:** Paige Sponcler-Rice is considered in violation of her supervised release in the Eastern District of Washington by allowing Sonny Wiggins, a convicted felon, to reside at her residence without the permission or knowledge of the probation officer.

During the search of Mrs. Sponcler-Rice's residence on September 16, 2005, police found items belonging to Sonny Wiggins located near the contraband seized this date. According to police, Mr. Wiggins was detained at the residence of this offender the week before the search was conducted on September 16, 2005.

Sonny Joe Wiggins has nine prior felonies in the State of Washington, stemming from forgery, possession of stolen property, burglary, and drug possession. Additionally, he has been arrested and convicted of prior misdemeanor offenses for similar behavior.

Mrs. Sponcler-Rice advised the probation office that although Mr. Wiggins did not exactly reside at her residence, he did have several of his belongings stored there. She advised he had been evicted from his residence and he needed a place to store some of his belongings.

Mrs. Sponcler-Rice advised that, as a result of the new drug charge allegations, she is now involved with a Child Protective Services investigation. Mrs. Sponcler-Rice denied any use of controlled substances, including marijuana. She agreed to the modification, adding a drug testing condition, to confirm her abstinence from controlled substance usage.

Mrs. Sponcler-Rice has agreed to allow her residence to be searched, based upon reasonable suspicion that a violation has occurred. She has also been referred to Betty McQuirk for mental health counseling.

Respectfully submitted,

by _____

Missy K. Kolbe
U.S. Probation Officer
Date: October 24, 2005

THE COURT ORDERS

[ ] No Action
[ ] The Extension of Supervision as Noted Above
[X] The Modification of Conditions as Noted Above
[ ] Other

_____
Signature of Judicial Officer

10/28/05
Date

PROB 49
(3/89)

# United States District Court

### Eastern District of Washington

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release or Extend Term of Supervision

    I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

    I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

To modify the conditions of supervision as follows:

**Special Condition #19:** You shall submit your person, residence, office, or vehicle to a search, conducted by a U.S. probation officer, at a sensible time and manner, based upon reasonable suspicion of contraband or evidence of violation of a condition of supervision. Failure to submit to search may be grounds for revocation. You shall warn persons with whom you share a residence that the premises may be subject to search.

**Special Condition #20:** You shall abstain from the use of illegal controlled substances, and shall submit to urinalysis testing, as directed by the supervising probation officer. The urinalysis shall not exceed 6 submissions in 1 month's time period.

Witness: _____  Signed: _____
                   Missy K. Kolbe                           Paige J Sponcler
               U.S. Probation Officer              Probationer or Supervised Releasee

                               October 24, 2005
                                    Date